**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re**<br>**SUMMER HAN**<br><br>         **Debtor** | **CASE NUMBER: 26-12490-AMC**<br>**CHAPTER 13** |
| **SUMMER HAN**<br>               **Plaintiff**<br><br>    **vs.**<br><br>**COLLEGE AVENUE, LLC**<br>         **Defendant** | <br><br><br><br>**ADV. PRO. CASE NO:** |

**Debtor's Complaint to Determine Private Student Loans**
**Dischargeable For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

**Nature of Action**

1. This is an adversary proceeding by which the Debtor seeks a declaration that private student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On June 9, 2026, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

**Parties**

6. Plaintiff, Summer Han, is the Debtor in the above captioned case. She is the recipient of private student loans and is a resident of Philadelphia, Pennsylvania.

7. Defendant College Avenue, LLC is a Delaware Limited Liability Company and holder of some private student loans at issue.

**Factual Allegations**

8.  College Ave holds five (5) loans with a cumulative balance of $202,381.85.

9.  Prior to filing of bankruptcy, the minimum cumulative payment to College Ave was $2,546.66.

10. The loans have a range of interest rates from 12.24% to 14.14%.

11. The cumulative amount originated was $112,632.

12. The loans were originated from 2019 to 2022.

13. The above information plead in paragraphs 8 through 11 can be found in College Avenue's proof of claim and corresponding attachment, Claim 3 filed July 15, 2026.

14. The loan balance has grown by $89,749.85 or 80% since origination.

15. Han graduated 3 years ago with a Bachelors of Fine Arts.

16. Han works as a server earning less than $1900 a month, gross.

17. Han grosses $600 a month less than what the required monthly payment is for these College Ave loans.

18. After expenses, Han is lucky to have $150 available.

19. Han drives a 2007 vehicle with over 100,000 miles.

20. Han spent the last 2 years caring for her mother, the cosigner, who was going through medical issues.

21. During those 2 years, Han could not afford to make payments and put the loans into forbearance.

22. Before filing bankruptcy, Han discussed alternative options with College Ave but was told there are no more options and no more forbearance time.

23. College Ave does not offer any of the programs that Federal loans have, such as payments based on income, eventual forgiveness, disability discharge, or death discharge.

24. Though Han is young, having completed school just a few years ago, her current income is not enough to afford the $2,546.66 monthly minimum payment owed to College Ave.

25. It is questionable if Han will ever be able to afford the monthly minimum payment and these loans will default long before that time comes.

26. Once these loans default, College Ave will have the ability to sue and levy whatever Pennsylvania law allows for post judgment remedies.

27. These loans do not offer the ability to cure a default, which means, if Han does not find a way to maintain the $2,5466.66 minimum monthly payment, she faces a lifetime of financial challenges before her 30th birthday.

28. Were these loans Federal, Han would be entitled to a much more affordable payment based on her income, that being between $20 to $40 a month depending on which Federal payment plan she chooses.

29. Han has reduced her living expenses as best possible, yet still cannot afford the $2,544.66 a month payment.

30. Han has attempted to raise her income with a second part-time job. That was recently terminated before filing.

31. Han has increased her hours as a server now that her part-time job is terminated.

32. It should also be noted that the high interest rate makes it extremely difficult to pay down the principal.

33. A review of the bankruptcy schedules shows that after all expense are paid, Han does not have enough to pay a meaningful amount to College Ave.

34. It should also be noted that the schedules do not include a payment for Federal loans, which will be at least $20 a month.

35. Even with a miraculous hopscotch of finances and payments, Han cannot hope to continue the balancing act of private student loan payments.

36. Without bankruptcy intervention, Han is certain to fall from the financial tightrope, with no safety net on the ground.

### Claim for Relief: Undue Hardship Discharge

37. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The repayment of private student loans made to Han would be an undue hardship to her.

39. As a result, Han's private student loan obligations should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtor demands judgment declaring that her private student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Summer Han consents to the bankruptcy court's entry of final orders or judgment.

Dated July 29, 2026

Respectfully Submitted,
SUMMER HAN
By her attorney,
/s/Joshua R.I. Cohen
    Joshua R.I. Cohen (pro hac vice)
    Cohen Consumer Law, PLLC
    PO Box 1040
    St. Albans, VT 05478
    Tel: 802-380-8887
    Fax: 860-233-0339
    jcohen@thestudentloanlawyer.com